# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBIE MOORE,<br><br>  Plaintiff,<br>vs.<br><br>UNITED STATES OF AMERICA; GAS PLUS, INC. d/b/a CHAPPO SERVICE STATION; et al.,<br><br>  Defendants. | CASE NO. 10-CV-1726 JLS (WVG)<br><br>**ORDER: DENYING PLAINTIFF'S AMENDED REQUEST FOR ENTRY OF DEFAULT AND CLERK'S JUDGMENT**<br><br>(Doc. No. 12) |

On August 18, 2010, Plaintiff filed this Federal Tort Claims Act action against Defendants United States of America and Gas Plus, Inc. d/b/a Chappo Service station. (Doc. No. 1.) On August 24, 2010, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis* and directed the U.S. Marshal to serve Defendants "as directed by Plaintiff on U.S. Marshal Form 285." (Doc. No. 3, at 1.) On September 1, 2010, Plaintiff filed a first amended complaint. (Doc. No. 6.) On the same day, the Clerk of the Court issued summonses on Plaintiff's first amended complaint as to Defendants. (Doc. Nos. 8, 9.) On October 19, 2010, the U.S. Marshal sent a copy of the summons and complaint to the following address as directed by Plaintiff on U.S. Marshal Form 285: "General Counsel of the Navy, Navy Litigation Office, 720 Kennon Street SE, Bldg 36 Room 233, Washington Navy Yard, DC 20374-5013." (Doc. No. 10.) On November 24, Plaintiff requested entry of default and clerk's judgment against both Defendants. (Doc. No. 12.)

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 54(a). A defendant must serve an answer "within 21 days after being served with the summons and complaint" or "if it has timely waived service under rule 4(d), within 60 days after the request for waiver was sent." Fed. R. Civ. P. 12(a)(1)(b); *see also* Fed. R. Civ. P. 12(a)(2) (governing United States and its agencies' obligation to plead or defend). Under Federal Rule of Civil Procedure 4(d), a defendant may waive service of a summons by signing and returning a waiver of service. Fed. R. Civ. P. 4(d).

Here, entry of default against Defendant Gas Plus, Inc. would be improper because it has not been served with the summons and complaint or waived service. Defendant Gas Plus, Inc. has not "failed to plead or otherwise defend" simply by virtue of its failure to appear in this action—an action of which it is likely unaware. Fed. R. Civ. P. 54(a). Accordingly, Plaintiff's request for entry of default against Defendant Gas Plus, Inc. is **DENIED**.

Entry of default against Defendant United States would similarly be improper because it has not been *properly* served with the summons and complaint. Under Federal Rule of Civil Procedure 4(i), to serve the United States, a plaintiff must send a copy of the summons and complaint to (1) the United States Attorney for the district in which the action is pending and (2) the Attorney General of the United States. Fed. R. Civ. P. 4(i)(1). To serve a United States agency sued in its official capacity, the plaintiff must also send a copy of the summons and complaint to the agency itself. Fed. R. Civ. P. 4(i)(2). Here, Plaintiff has only sent a copy of the summons and complaint the General Counsel of the Navy; she has not sent a copy of the summons and complaint to the United States Attorney for the Southern District of California or to the Attorney General of the United States. Thus, the United States has not "failed to plead or otherwise defend" itself in this action because it was never

//
//
//
//
//

1  obligated to do so. Plaintiff's request for entry of default against Defendant United States is therefore
2  **DENIED**.
3      IT IS SO ORDERED.

5  DATED: December 15, 2010

6  *Janis L. Sammartino*
   Honorable Janis L. Sammartino
7  United States District Judge